09-3018-ag
Sinha v. Holder

BIA
Videla, IJ
A098 235 133

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of April, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge*,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

SUMIT SINHA,
> *Petitioner*,

v.                                                    09-3018-ag
                                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:            Amy N. Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General, Civil Division; Aviva L. Poczter, Senior Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sumit Sinha, a native and citizen of India, seeks review of a June 19, 2009, order of the BIA affirming the November 21, 2007, decision of Immigration Judge ("IJ") Gabriel C. Videla pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Sumit Sinha*, No. A098 235 133 (B.I.A. Jun. 19, 2009), *aff'g* No. A098 235 133 (Immig. Ct. N.Y. City Nov. 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008)*; Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

**I.  Asylum**

Although Sinha alleges in his pre-argument statement

that remand on the one-year issue is required, because Sinha failed to raise this argument in his brief, we deem it waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005); *see also McCarthy v. S.E.C.*, 406 F.3d. 179, 186 (2d Cir. 2005) (finding that "arguments not raised in an appellant's opening brief, but only in his reply brief, are not properly before an appellate court").

## II.  Withholding of Removal

Substantial evidence supports the IJ's adverse credibility determination.  In finding Sinha not credible, the IJ found that: (1) Sinha testified inconsistently as to when he quit his job and moved out of his home; (2) it was implausible that he could not specify what activities he engaged in on behalf of the TCM party; (3) his asylum application made no mention that, as he would later testify, he had to quit his job at a paper mill and move away because he feared CPM members would kill him; (4) he testified inconsistently regarding whether members of the CPM party at the paper mill knew he was a member of the TCM party; and (5) he failed to corroborate his testimony with a letter from his wife.

The IJ also found Sinha not credible based on his

3

"evasive" and "unresponsive" demeanor and what the IJ described as more minor discrepancies. Sinha does not challenge the IJ's demeanor finding, or any of these more minor discrepancies. Accordingly, they stand as valid bases for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 147-48 (2d Cir. 2008).

With respect to the findings Sinha does challenge, we are not compelled to reach a conclusion different from that of the BIA. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Under the REAL ID Act, the IJ's adverse credibility determination was amply supported by the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008).

**III.    CAT Relief**

Contrary to Sinha's argument that the IJ erred by failing to address his CAT claim based on the "slightly different factual predicate" that "union members either knew or suspected that he was a member of TMC and . . . that he would be killed," the IJ's adverse credibility determination was likewise dispositive of this claim.[*] *See Xue Hong Yang*

---

[*] The government's argument that Sinha failed to exhaust his challenge to the agency's denial of CAT relief is without merit because the BIA considered the

4

*v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

issue. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006).